UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
SONJA KINGSLEY,

        Plaintiff,

   -against-

BMW OF NORTH AMERICA, LLC; LUDWIG
WILLISCH,

        Defendants.
-----------------------------------------------------------X

**MEMORANDUM AND ORDER**
12-CV-3097 (ENV)

VITALIANO, United States District Judge.

    Plaintiff Sonja Kingsley filed this *pro se* action on June 18, 2012 "for fraud and endangering the safety of plaintiff . . . with the unsafe manufacturing of her 2004 Mini Cooper S vehicle." Compl. at 1. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). For the reasons discussed below, plaintiff is granted 30 days leave to file an amended complaint.

## BACKGROUND

    Plaintiff owns a 2004 Mini Cooper S automobile manufactured by defendant BMW of North America ("BMW"). Plaintiff states that she owned this vehicle for approximately one year when "the transmission went out." Compl. at 2. Plaintiff alleges that this and other first generation Mini Cooper models are prone to, *inter alia*, premature transmission failure. Compl. at 3. Specifically, plaintiff states that "these transmissions cannot be repaired, they have to be totally replaced at the price of $7,000 - 10,000, according to which BMW dealer a customer goes to." Id. For her currently-owned Mini Cooper plaintiff states that "BMW quoted her a repair price of $8,000 for a new transmission and $3,700 for a new clutch (if the clutch is needed) [and] [t]his is

1



more that the current value of the car which according to the Kelly Blue Book is about $7,000." Id. Therefore, plaintiff states that "many Cooper owners are being stuck with a repair bill that is about one fourth the value of their car while they are still making monthly payment [of] more that the value of their car, such as the plaintiff in this action." Compl. at 3. Plaintiff "still owes about $5,550 to the finance company and regardless of the fact that she cannot drive the car, she is still obligated to pay the sum of $300 a month to the finance company." Id. In addition, plaintiff alleges that she previously owned another Mini Cooper automobile "in which the steering mechanism in that car went out (another very well know defect in first generation Mini Coopers) that cost her around $3,000 to fix." Compl. at 2. Plaintiff seeks $600,000 in damages. Compl. at 1.

## STANDARD OF REVIEW

*Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, non-conclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## DISCUSSION

Federal courts are courts of limited jurisdiction and may not preside over cases if they lack subject matter jurisdiction. Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986): Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000). Lack of subject matter jurisdiction cannot be waived and may be raised at any time by any party or by the Court *sua sponte*. Bender, 475 U.S. at 541. The basic statutory grants of subject matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Arbaugh v. Y & H Corp., 546 U.S. 500, 513 (2006). Section 1331 provides federal question jurisdiction and § 1332 provides jurisdiction based on diversity of citizenship. Id. Moreover, "[t]he party invoking federal jurisdiction bears the burden of establishing that jurisdiction exists." Conyers v. Rossides, 558 F.3d 137, 143 (2d Cir. 2009) (quoting Sharkey v. Quarantine, 541 F.3d 75, 82 (2d Cir. 2008)) (internal quotation marks omitted).

"A plaintiff properly invokes § 1331 jurisdiction when [she] pleads a colorable claim 'arising under' the Constitution or laws of the United States." Arbaugh, 546 U.S. at 513 (citing Bell v. Hood, 327 U.S. 678, 681-85 (1946)). A plaintiff properly invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000. Id. (citing § 1332(a)). Plaintiff's complaint fails to present a federal question. Furthermore, plaintiff does not establish that this Court has diversity jurisdiction over her complaint. Complete diversity appears to exist among the parties, as plaintiff states that she resides in Staten Island, New York and defendants are located in New Jersey. Compl. at 1. Nevertheless, "[a] party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." Chase Manhattan Bank, N.A. v. Am. Nat'l Bank and Trust Co. of Chicago, 93 F.3d 1064, 1070 (2d Cir. 1996) (quoting Tongkook Am., Inc. v. Shipton Sportswear Co., 14 F.3d 781,

3

784 (2d Cir. 1994)). Moreover, "with mounting federal case loads [and reduced resources], . . . it has become doubly important that the district courts take measures to discover those suits which [do not belong in a federal court] and to dismiss them when the court is convinced to a legal certainty that the plaintiff cannot recover an amount in excess of the [the minimum statutory jurisdictional amount.]" Tongkook, 14 F.3d at 784 (quoting Deutsch v. Hewes St. Realty Corp., 359 F.2d 96, 98 (2d Cir. 1996)) (parentheticals in original).

Here, plaintiff seeks $600,000 in damages, but alleges that she has spent approximately $3,000 in connection with her prior Mini Cooper, owes $5,550 to the finance company for her current Mini Cooper and needs approximately $11,700 to repair the car. The sum of these amounts equals $20,250, far less than $75,000. Thus, plaintiff has not met her burden "to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." Chase Manhattan Bank, 93 F.3d at 1070 (quotations omitted). However, "[b]efore determining that the amount in controversy requirement has not been met, the court must afford plaintiff the opportunity to show good faith in believing that a recovery in excess of [$75,000] is reasonably possible." Id.

## CONCLUSION

For the reasons explained above, the Court finds that it may lack subject matter jurisdiction over plaintiff's complaint. Therefore, plaintiff is granted leave to file an amended complaint within 30 days from the entry of this Order on the docket to demonstrate that a good faith basis exists for satisfying the amount in controversy requirement of 28 U.S.C. § 1332. Plaintiff is advised that any amended complaint she files will completely replace the original complaint. The amended complaint must be captioned, "Amended Complaint," and shall bear the same docket

number as this Order.

All further proceedings shall be stayed until the expiration of the time granted to file an amended complaint or until an amended complaint is filed, whichever occurs first. If plaintiff fails to file an amended complaint, judgment dismissing this action without prejudice to its refiling in a court of appropriate jurisdiction shall be entered. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

ERIC N. VITALIANO
United States District Judge

Dated: Brooklyn, New York
June 30, 2012