UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

SONJA KINGSLEY,

               Plaintiff,

          -against-

BMW OF NORTH AMERICA, LLC; LUDWIG
WILLISCH,

               Defendants.
----------------------------------------------------------------x

**FILED**
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ SEP 07 2012 ★
BROOKLYN OFFICE

**MEMORANDUM
AND ORDER**
12-CV-3097 (ENV)

VITALIANO, United States District Judge.

    Plaintiff Sonja Kingsley filed this *pro se* action on June 18, 2012. See Dkt. Entry 1. By Order dated June 30, 2012, the Court granted plaintiff's *in forma pauperis* request and granted plaintiff thirty (30) days leave to file an amended complaint to demonstrate a good faith basis for satisfying the amount in controversy requirement of 28 U.S.C. § 1332. See Dkt. Entry 4; 2012 WL 2830026, at *1 (E.D.N.Y. July 10, 2012). On August 6, 2012, plaintiff filed an amended complaint. See Dkt. Entry 5. For the reasons discussed below, this action is dismissed for lack of subject matter jurisdiction.

## STANDARD OF REVIEW

    *Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum



1

Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## DISCUSSION

Plaintiff is seeking compensation in excess of $75,000. Amend. Compl. at 1. Plaintiff owns a 2004 Mini Cooper S automobile manufactured by defendant BMW of North America ("BMW"). Plaintiff states that she owned this vehicle for approximately one year when "the transmission went out." Amend. Compl. at 2. She states that "BMW quoted her a repair price of $8,000 for a new transmission and $3,700 for a new clutch (if the clutch is needed) [and] [t]his is more that the current value of the car which according to the Kelly Blue Book is now $5,975." Id. Plaintiff "still owes about $4,396 to the finance company and regardless of the fact that she cannot drive the car, she is still obligated to pay the sum of $300 a month to the finance company." Id. Plaintiff also "recently pay[ed] $234 for a rental car." Amend. Compl. at 6. Plaintiff further argues that because she is unable to afford another car, she may lose out on a job opportunity she has applied for in Los Angeles. Amend. Compl. at 5-6. Plaintiff states that this job, "may involve her having to commute 82 miles one way to work," and pays $42,456 a year. Amend. Compl. at 6. Plaintiff contests that she "intends to stay at least 15 years, which would make her total income $636,840, that is why plaintiff asked for $600,000 in the previous complaint." Id. In addition, plaintiff alleges that she previously owned another Mini Cooper automobile that cost her around $3,000 to fix." Amend. Compl. at 2-3.

As the Court previously advised plaintiff, "[a] party invoking the jurisdiction of the federal court has the burden of proving that it appears to a "'reasonable probability' that the claim is in

2

excess of the statutory jurisdictional amount," which is $75,000. Chase Manhattan Bank, N.A. v. Am. Nat'l Bank and Trust Co. of Chicago, 93 F.3d 1064, 1070 (2d Cir. 1996) (quoting Tongkook Am., Inc. v. Shipton Sportswear Co., 14 F.3d 781, 784 (2d Cir. 1994)); 28 U.S.C. § 1332. Here, liberally construing plaintiff's amended complaint, the Court finds that plaintiff's claim for consequential damages in excess of $75,000 is purely speculative. There is simply no reasonable probability that plaintiff will be offered the job she applied for in Los Angeles, that she will accept the job, that it "may involve her having to commute 82 miles one way," or that she will remain in that job for 15 years as she argues. There is also no reasonable probability that she will lose "this job simply because she has no operable vehicle." Amend. Compl. at 6. And, if all of those woes did come to pass, the resulting economic losses are simply not the kind of consequential damages recoverable in this or any other court for the wrongful conduct alleged. Plaintiff's non-speculative damages, at best, appear to be $3,000 in connection with her prior Mini Cooper, $11,700 to repair her currently owned Mini Cooper, $4,396 owed to the finance company and $234 for the rental car expenditure. This totals $19,330. Thus, although the Court is sympathetic to plaintiff's circumstances, plaintiff has not met her burden to a 'reasonable probability' that she can recover damages even close to $75,000 in this action (much less more) to meet the statutory jurisdictional requirement. See, e.g., Urena v. Race, No. 05 Civ. 461, 2006 WL 1041132, at *2 (S.D.N.Y. Apr. 18, 2006) (amount in controversy requirement not satisfied where "[plaintiff's] claims for consequential damages [were] so speculative that they [could not], in good faith, establish potential damages in excess of $75,000"); Chase Manhattan Bank, 93 F.3d at 1070 (quotations omitted). Plaintiff, of course, is not without remedy. While the doors to the federal courthouse are closed, those of the state courthouse are not. She may pursue her claim there.

## CONCLUSION

Accordingly, this action is dismissed for lack of subject matter jurisdiction, without

3

prejudice to plaintiff pursuing her claims in a state court of competent jurisdiction. Fed. R. Civ. P. 12(h)(3). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

ERIC N. VITALIANO
United States District Judge

Dated: Brooklyn, New York
August 22, 2012